**CIVILLE & TANG, PLLC**
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8868
FACSIMILE: (671) 477-2511

*Attorneys for Shell Guam, Inc.*

FILED
DISTRICT COURT OF GUAM
JUL 1 6 2004
MARY L. M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| MARUWA SHOKAI GUAM INC. ) | CIVIL CASE NO. CV-04-00034 |
| ) | |
| Plaintiff and Counter-defendant, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE** |
| ) | |
| F/V YOKO MARU #35, its engines, gear ) appliances, generators, machines, ) equipment, furnishings, tackle, catch, etc. ) | |
| ) | |
| Defendant and Counter-claimants, ) | |
| ) | |
| and ) | |
| ) | |
| SHELL GUAM, INC. ) | |
| ) | |
| Claimant and Plaintiff-in Intervention. ) | |

### INTRODUCTION

The defendant vessel, F/V YOKO MARU #35, is currently under arrest at Guam. Plaintiff Maruwa Shokai Guam Inc. has claimed a maritime lien for necessaries supplied to the vessel. To date it appears that the vessel has not paid Maruwa or posted substitute security. In December and October of 2001, Shell Guam, Inc. ("Shell Guam") furnished and supplied necessaries in the form fuel, lubricants and other petroleum products to the vessel, for which Shell Guam has not been paid. Shell Guam seeks to intervene in this suit to enforce its maritime

lien arising out of the furnishing of these necessaries.

## DISCUSSION

"An intervention based on a maritime lien against the *res* is an intervention of right, governed by Fed.R. Civ.P. Rule 24(a)." *DnB Holdings, Ltd. v. M/V Hermitage*, Civ. A. No. 94-3434, 1995 WL 529853, at *1 (E.D.La. 1995); *see also Liberty Mut. Ins. Co. v. United Towing Co., Barge 20*, 369 F.2d 382, 383 (9th Cir. 1966) (stating intervention governed by Admiralty Rules 34 and 42, then superseded by Rule 24(a), and that "[t]he Admiralty Rules envisage a case for intervention as of right, in which a res exists to which the maritime lien rights asserted by the petition in intervention may attach").

An applicant for intervention as of right must demonstrate that

> "(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *United States v. City of Los Angeles* 288 F.3d 391, 397 (9th Cir.2002) (quoting *Donnelly*, 159 F.3d at 409 (internal quotation marks omitted)). The party seeking to intervene bears the burden of showing that *all* the requirements for intervention have been met. *Id.*

*U.S. v. Alisal Water Corp,.* 370 F.3d 915, 919 (9th Cir. 2004); *see also Patricia Hayes Associates, Inc. v. Cammell Laird Holdings U.K.*, 339 F.3d 76, 80 (2nd Cir. 2003) (applying Rule 24(a) in maritime case stating that "[u]nder Rule 24(a), in order to intervene as of right in an action, 'the applicant must: (1) file a timely motion (2) show an interest in the litigation; (3) show that its interest may be impaired by the disposition of the action; and (4) show that its interest is not adequately protected by the parties to the action.'") (internal quotation marks and citation omitted).

The interest of the intervener Shell Guam is that of a supplier of necessaries to the defendant vessel. As provided by 46 U.S.C. § 31342(a), Shell Guam has a maritime lien on the defendant vessel and may bring a civil action in rem to enforce the lien. Although not totally clear from the complaint in this action, it appears that Shell Guam, being the provider of necessaries later in time that plaintiff Maruwa, is entitled to priority over some, if not all, of the liens alleged by Maruwa. *The St. Jago de Cuba*, 22 U.S. 409 (1824).

In this case there can be no question of timeliness. The arrest of the vessel occurred on July 7, 2004, and Shell Guam learned of this action on Wednesday, July 15, 2004. The vessel remains under arrest and not Marshall's sale is imminent. Sufficient time remains for whatever discovery is required with regard to Shell Guam's lien and the competing claims of Maruwa and Shell Guam.

Shell Guam clearly has an interest in the litigation because of its maritime lien on the vessel based on necessaries furnished to the vessel. *See DnB Holdings, Ltd. v. M/V Hermitage, supra; Patricia Hayes Associates, Inc. v. Cammell Laird Holdings U.K.*, 339 F.3d at 80-81 ("A maritime lien is: a special property right in the vessel, arising in favor of the creditor by operation of law as security for a debt or claim. The lien arises when the debt arises, and grants the creditor the right to appropriate the vessel, have it sold, and be repaid the debt from the proceeds.") (internal quotation marks and citation omitted).

Shell Guam's interest would be impaired by the disposition of the action because it will not be able to assert its claim against the vessel. *See DnB Holdings, Ltd. v. M/V Hermitage*, 1995 WL 529853, at *2 (discussing prejudice to claimant if intervention not permitted). Finally, in furthering its own claims against the vessel, Maruwa is clearly not representing Shell Guam's

Case 1:04-cv-00034 Document 8 Filed 07/16/2004 Page 3 of 11

interest in its maritime lien on the vessel for Shell's claims. The interest of Shell Guam is in part, at least, that of a first priority maritime lien on the defendant vessel, and this lien is not being adequately protected by any of the existing parties.

For the foregoing reasons, Shell Guam's motion to intervene should be granted.

Dated this 15th day of July, 2004.

CIVILLE & TANG, PLLC

By JOYCE C.H. TANG
*Attorneys for Shell Guam, Inc.*

**CIVILLE & TANG, PLLC**
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8868
FACSIMILE: (671) 477-2511

*Attorneys for Shell Guam, Inc.*

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| MARUWA SHOKAI GUAM INC. | CIVIL CASE NO. CV-04-00034 |
| Plaintiff and Counter-defendant, | |
| vs. | **COMPLAINT-IN-INTERVENTION IN REM** |
| F/V YOKO MARU #35, its engines, gear appliances, generators, machines, equipment, furnishings, tackle, catch, etc. | |
| Defendant and Counter-claimants, | |
| and | |
| SHELL GUAM, INC. | |
| Claimant and Plaintiff-in Intervention. | |

Claimant and Plaintiff-in-Intervention, SHELL GUAM, INC. ("Shell Guam") for its complaint in intervention against the defendant F/V YOKO MARU #35, her engines, tackle, gear, apparel, equipment, furniture, catch, fixtures. etc., in a maritime cause of action, alleges as follows:

### I. JURISDICTION

1. This is an action to enforce a maritime lien. This action is within the admiralty


EXHIBIT A

and maritime jurisdiction of this Court pursuant to 28 U.S.C. § 1333(1) and within the provisions of Rule 9(h) of the Federal Rules of Civil Procedure and for the purposes of Rules 14(c), 38(e), 82 of the Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and Maritime Claims.

## II. PARTIES

2. Plaintiff-in-Intervention, Shell Guam, Inc., is and at all times mentioned herein was a corporation organized and operating under the laws of Guam, with its principal place of business in Guam, and duly licensed to conduct business in Guam.

3. On information and belief, the defendant vessel F/V YOKO MARU #35, its engines, gear, appliances, generators, machines, equipment, furnishings, tackle, catch, etc., is now, and at all relevant times was a foreign flagged fishing vessel owned or chartered by Mitsuya Shimozato and is now afloat upon the navigable waters of the United States and within this District of Guam and within the jurisdiction of this Court.

## III. CLAIM FOR RELIEF

4. On December 1, 2001, and October 26, 2001, the Shell Guam furnished, supplied and delivered to the F/V YOKO MARU #35 necessary supplies in the form of fuel, lubricants and petroleum products all related to and necessary for the performance of the vessel F/V YOKO MARU #35 which was and is fishing.

5. The vessel F/V YOKO MARU #35 owes the Shell Guam Twenty Six Thousand Eight Hundred Forty Four and 21/100 U.S. Dollars ($26,844.21), as of July 15, 2004, for the necessary supplies furnished to the F/V YOKO MARU #35 in the months of December 1, 2001, and October 26, 2001, as shown in the account hereto annexed as Exhibit A.

6. Despite Shell Guam's demands for payment, neither the owner, agents or master of the defendant Vessel have paid the sums due and owinig or any part thereof, and Shell Guam has not received payment from any person. Therefore, these outstanding amounts, together with interest there on presently due and owing to Shell Guam.

7. The provisions, necessaries and services provided to the F/V YOKO MARU #35 were made to the vessel as requested by the authorized agent of the vessel, the Plaintiff, Maruwa Shokai Guam Inc. ("Maruwa").

8. Under maritime law Shell Guam has a maritime liens against the F/V YOKO MARU #35 for necessaries for the sums alleged herein, together with interest and costs.

9. On July 7, 2004, Maruwa Shokai Guam, Inc. filed a complaint in this Court alleging theat the defendant vessel F/V YOKO MARU #35 and its owner have failed to pay Maruwa $79,188.38 with interest thereon for necessaries. Maruwa asserts a maritime lien for this amount.

10. In its complaint, Maruwa prayed for and obtained issuance of process against the defendant vessel F/V YOKO MARU #35. As a result, the defendant vessel was arrested and remains so under the care of a Court-appointed substitute custodian.

11. Maruwa alleges in its complaint that it supplied necessaries to the F/V YOKO MARU #35 from about January 1, 2000, and that as of April 11, 2001, the amount owed by the vessel to Maruwa was $79,188.38. Shell Guam's claims have their basis later in time than Maruwa's claims and, therefore, have priority over any and all claims made in this action by plaintiff Maruwa.

WHEREFORE, Plaintiff-in-Intervention prays:

1.	That, pursuant to Rule C(3) of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court enter an order authorizing a warrant for the arrest of the defendant vessel F/V YOKO MARU #35, together with all of the boilers, engines, machinery, masts, spars, sails, boats, anchors, cables, chains, rigging, tackle, apparel, furniture, equipment, catch and all other appurtenances there unto appertaining or belonging, and also any and all additions, improvements and replacements hereafter made in or to the defendant vessel F/V YOKO MARU #35, or any party thereof, in or to her equipment and appurtenances aforesaid.

2.	That all persons claiming any interest in the vessel be cited to appear and answer on oath, all and singular, the matters aforesaid;

3.	That a warrant be issued thereupon;

4.	That Shell Guam be declared the holder of a maritime lien on the defendant vessel F/V YOKO MARU #35 to the extent of its claims stated herein, and that any and all other pre-existing claims asserted against the defendant vessel F/V YOKO MARU #35 be subordinated to Shell Guam's claims;

5.	That judgment for condemnation and sale be entered against the defendant vessel F/V YOKO MARU #35 and its fish catch, or against the fund created by the sale of the defendant vessel and fish catch.

6.	That the Court order judgment in favor of Plaintiff-in-Intervention Shell Guam against the defendant vessel F/V YOKO MARU #35 in rem for:

(a) all sums due and owing on the maritime lien on the defendant vessel F/V YOKO MARU #35 and/or on the foreclosure thereof;

(b) other sums due and payable thereunder including without limitation, sums paid for the

vessel F/V YOKO MARU #35 care and preservation from and after the date of commencement of this action; and

(c) costs and expenses of this proceeding and for reasonable attorneys' fees incurred herein;

7. That this Court decree that any person, firm or corporation claiming any interest in the defendant vessel F/V YOKO MARU #35 be forever barred and foreclosed as to any right, equity, right of redemption, claim or lien in or to said defendant vessel F/V YOKO MARU #35, and every part thereof.

8. That Shell Guam have such other and further relief as may be just and proper.

Respectfully submitted this 15th day of July, 2004.

**CIVILLE & TANG, PLLC**

Joyce C.H. Tang
*Attorneys for Shell Guam, Inc.*

# EXHIBIT A

## SHELL GUAM, INC. v. YOKO MARU #35

### Summary of Invoices, Charges, Interest and Expenses

| DATE | INVOICE NO. | DESCRIPTION | AMOUNT | INTEREST | TOTAL |
|---|---|---|---|---|---|
| 10/26/01 | 1717194UD | Lubricant | $559.00 | $76.64 | $241.64 |
| 10/26/01 | 3951UD | Fuel | $7,230.45 | $3,441.48 | $10,671.93 |
| 12/01/01 | 4076UD | Fuel | $6,855.28 | $3,238.04 | $10,093.32 |
| 12/01/01 | 1717987UD | Lubricant | $165.00 | $76.64 | $241.63 |

Total Charges & Interest as of July 15, 2004     $21,844.21

Attorneys fees & costs as of July 15, 2004     $ 5,000.00

**Total Charges, Interest, and Expenses as of July 15, 2004**     **$26,844.21**

# VERIFICATION

GUAM, U.S.A.          )
                      ) ss:
CITY OF HAGÅTÑA       )

I, Philip W. Stalker, depose and state that:

1. I am the Vice President of Finance for Shell Guam, Inc. ("Shell") in this action.

2. I have read the foregoing Complaint, and affirm the contents are true and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing statements are true and correct.

Dated this ____ day of July, 2004.

_____
PHILIP W. STALKER