CARLSMITH BALL LLP

DAVID LEDGER
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Plaintiff
F/V Yoko Maru #35



FILED
DISTRICT COURT OF GUAM
JUL 28 2004
MARY L. M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| MARUWA SHOKAI GUAM, INC., <br><br> Plaintiff, <br><br> vs. <br><br> F/V YOKO MARU #35, its engines, gear, appliances, generators, machines, equipment, furnishings, tackle, catch, etc., <br><br> Defendant. | CIVIL CASE NO. CIV04-00034 <br><br> **DEFENDANT'S ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT IN REM; COUNTERCLAIM FOR WRONGFUL ARREST; DECLARATION OF SERVICE** |

Defendant vessel F/V YOKO MARU No. 35 answers the complaint as follows.

1. Paragraph 1. is admitted.

2. Paragraph 2. is denied.

3. Paragraph 3. is admitted.

4. Paragraph 4. is admitted insofar as the vessel's purpose is fishing, that certain necessaries are needed for and consumed during fishing operations, and that catch off-loaded at Guam is shipped to the Japan markets by air freight. All other allegations not specifically admitted are denied including the allegation that unpaid "airfreight" gives rise to a

maritime lien.

5. Paragraph 5. is denied.

6. Paragraph 6. is denied.

7. With respect to alleged non-payment of amounts allegedly owed, Paragraph 7. is denied.

8. With respect to "accepting" invoices said to bear interest at 2.5% per month, Paragraph 8. is denied. With respect to the alleged invoices themselves, since none have been provided and disclosed with the complaint as exhibits or otherwise, the allegation regarding issuance of invoices is denied.

9. Paragraph 9. is denied.

10. Paragraph 10. does not require a response or to the extent that it does, it is denied on lack of sufficient information.

11. Paragraph 11. does not appear to require a response or to the extent that it does, it is denied on lack of sufficient information.

12. Paragraph 12. is denied.

## DEFENSES

1. The complaint fails to state a cause of action under the applicable law.

2. The complaint fails to state a claim upon which relief may be granted.

3. Defendant neither caused nor contributed to cause any losses or damages alleged by Plaintiff.

4. Defendant breached no contract or other obligation which would give rise to a claim by Plaintiff or a maritime lien.

5. Plaintiff's claims are barred or must be reduced to the extent that the acts

or omissions of Plaintiff, other parties or one or more third parties were partially or fully the proximate cause of any damages alleged and sustained by Plaintiff.

6. Plaintiff's claims are barred or must be reduced in accordance with Plaintiffs' failure to mitigate any damages actually sustained.

7. Plaintiff's claims are barred or limited by the doctrine of unclean hands.

8. Plaintiff's claims are barred or limited by the doctrines of estoppel and laches.

9. Plaintiff's claims are barred because Plaintiff lacks standing insofar as Plaintiff is not an existing legal corporation.

10. Plaintiff's claims are barred because Plaintiff lacks standing insofar as Plaintiff does not have a business license from the Government of Guam.

11. Plaintiff's claims are barred because Defendant owes no debt to Plaintiff.

12. The action should be dismissed and the vessel immediately released because the action has not been brought by the proper party.

13. The action should be dismissed and the vessel immediately released because Plaintiff has not met even minimum standards to establish grounds for a maritime lien and prejudgment vessel seizure.

14. The action should be dismissed and the vessel immediately released because Plaintiff has not met even minimum standards to establish grounds for a maritime lien and prejudgment vessel seizure.

15. The action should be dismissed and the vessel immediately released because Plaintiff has not met even minimum standards to establish that Plaintiff relied on the credit of the vessel or upon a person authorized to extend such credit.

16. The promissory note attached to the complaint and sued upon does not give rise to a maritime lien or right to prejudgment seizure of property.

16. Defendant reserves the right to assert additional defenses that may become apparent as discovery and investigation continues. No such defense shall be deemed to have been waived.

## COUNTERCLAIM

1. The Court has jurisdiction of the counterclaim under 28 U.S.C. 1333 and Fed. R. Civ. P. 13.

2. The counterclaim is an admiralty and maritime claim within the meaning of Fed. R. Civ. P. 9(h).

3. Counterclaim defendant vessel F/V YOKO MARU No. 35 is a foreign flag fishing vessel now within this District and under arrest.

4. The arrest Plaintiff caused is wrongful insofar as the arrest was in bad faith, malicious, grossly negligent or is otherwise defective in that it is not based upon any apparent fact which would give rise to a maritime lien or the right to pre-judgment seizure of property.

5. As a result of the wrongful arrest the vessel has been detained, unable to fish or otherwise earn income and has incurred and will continue to incur expenses and damages in amounts to be proven at trial.

6. As a result of the wrongful arrest, other persons having a legal interest in the attached vessel are entitled to recover any damages they may be entitled to from Plaintiff rather than the vessel.

7. As a result of the wrongful arrest and counterclaim based thereon,

Defendant is entitled to move the Court for an order requiring Plaintiff to post counter security in an amount sufficient to secure the vessels' claim for all damages and losses caused by the wrongful arrest.

WHEREFORE, Defendant prays for an order:

1. Dismissing the action against Defendant and immediate release of the vessel.

2. Granting Defendant a judgment for wrongful arrest damages in an amount to be established at trial.

3. Directing Plaintiff to post counter security in an amount to be determined by the Court or on motion.

4. Assessing exemplary damages against Plaintiff based upon the wrongful arrest.

5. Taxing Defendant's attorneys fees and costs to Plaintiff.

6. Awarding Defendant such other relief to which it may be entitled to upon sufficient proof.

7. To the extent other claimants may have and assert a legal interest in the vessel, judgment against Plaintiff and in favor of such other claimants.

8. Immediate release of the vessel on grounds that plaintiff has not met the minimum standards to show a maritime lien, grounds for pre-judgment seizure or reliance on credit of the vessel.

DATED: Hagåtña, Guam, July 28, 2004.

CARLSMITH BALL LLP

_____
DAVID LEDGER
Attorneys for Plaintiff
F/V YOKO MARU #35

## DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on the 28th day of July 2004, I will cause to be served a copy of DEFENDANT'S ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT IN REM; COUNTERCLAIM; DECLARATION OF SERVICE, upon:

> Curtis C. Van de veld, Esq.
> Van de veld, Shimizu, Canto & Fisher
> Attorneys at Law
> Suite 101, Dela Corte Building
> 167 East Marine Corps Drive
> Hagåtña, Guam 96910
> Attorneys for Plaintiff

> Joyce C.H. Tang
> Civille & Tang, PLLC
> 330 Hernan Cortez Avenue, Suite 200
> Hagåtña, Guam 96910
> Attorneys for Plaintiff in intervention Shell Guam, Inc.

Executed this 28th day of July 2004 at Hagåtña, Guam.

_____
DAVID LEDGER