ORIGINAL

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
J.PATRICK MASON
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
F/V Yoko Maru #35



IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| MARUWA SHOKAI GUAM, INC., <br><br> Plaintiff, <br><br> vs. <br><br> F/V YOKO MARU #35, its engines, gear, appliances, generators, machines, equipment, furnishings, tackle, catch, etc., <br><br> Defendant. | CIVIL CASE NO. CIV04-00034 <br><br> **DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS APPLICATION FOR RELEASE OF VESSEL AND FOR COUNTER-SECURITY; DECLARATION OF DAVID LEDGER; DECLARATION OF SERVICE** |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS APPLICATION FOR RELEASE OF VESSEL AND FOR COUNTER-SECURITY**

I. Introduction

Defendant F/V YOKO MARU #35 submits this Memorandum in Support of its Application for the Release of the F/V YOKO MARU #35 and for the posting of counter-security by Plaintiff Maruwa Shokai Guam, Inc. This matter will be heard before the Court on August 6, 2004.

II. Background

   A. Procedural Background

On July 7, 2004, Maruwa Shokai filed a Verified Complaint in rem against F/V YOKO MARU #35. Maruwa Shokai claims that it provided provisions, necessaries and services to F/V YOKO MARU #35 beginning in January 1, 2000, and that by April 11, 2001,[1] the amount owed by the vessel to Maruwa Shokai amounted to $79,188.38. Maruwa Shokai also claims that by the date of the Verified Complaint, the alleged debt totaled $138,581.06.

Also on July 7, 2004, the Court issued an Order of Issuance of Process of Maritime Attachment and Arrest based on the allegations provided in the Verified Complaint. On July 28, 2004, F/V YOKO MARU #35 filed an Answer to the Verified Complaint and asserted a counterclaim for wrongful arrest.

On July 30, 2004, F/V YOKO MARU #35 filed an Ex Parte Application for the release of the F/V YOKO MARU #35, requesting that the Court release the vessel in exchange for the posting of a bond in the amount of $100,000.00. The Court did not issue an Order on the Ex Parte Application.

   B. Maruwa Shokai's Calculation of the Debt Owed

To date, the amounts owed to Maruwa Shokai have not been supported by any credible evidence. As discussed, Maruwa Shokai has alleged damages in the amount of $138,581.06, which equals a balance owed of $79,188.38 plus accrued interest. Maruwa Shokai provided to the Court, attached to its Verified Complaint, an "Agreement" between Sun Y. Choi, the alleged majority shareholder of Maruwa Shokai, and Mitsuya Shimozato, who Maruwa Shokai claims is the owner of F/V YOKO MARU #35. Nowhere in the agreement is any

---

[1] Maruwa Shokai presents conflicting information regarding the date of this balance. Although Plaintiff alleges in its Verified Complaint that a debt of $79,188.38 had accrued as of April 11, 2001, Plaintiff's attachment to its Verified Complaint states that the balance of $79,188.38 was as of December 29, 2003.

mention – literal or otherwise - of Plaintiff in this action Maruwa Shokai. Even more importantly, no representative of F/V YOKO MARU #35 signed the "Agreement."[2] The "Agreement," therefore, does not establish any agreement between the parties, and, accordingly, has no relevance to this case.

In fact, Maruwa Shokai asserts in its Verified Complaint that the "Agreement" simply represented a "memorialization" of terms allegedly orally agreed upon between Choi and Shimozato, however, Maruwa Shokai has provided no proof of the terms of such oral agreement other than the irrelevant, unsigned and, of course, self-serving "Agreement." In any event, if the "Agreement" represents the terms of any agreement between the parties, it clearly does not indicate that interest would accrue on $79,188.38, making the alleged sum owed of $138,581.06 highly questionable.

On or about July 26, 2004, David Ledger, counsel for F/V YOKO MARU #35, contacted Curtis C. Van de Veld requesting proof of the amount of the debt. See Declaration of David Ledger ("Ledger Decl."), attached hereto. Mr. Van de Veld assured Mr. Ledger that he would forward that information once Mr. Ledger was retained as counsel. See Ledger Decl. Even though Mr. Ledger has been retained to represent F/V YOKO MARU #35, and on July 28, 2004 filed an Answer on F/V YOKO MARU #35's behalf, Maruwa Shokai still has failed to provide to F/V YOKO MARU #35 or to this Court any evidence of the debt, or its amount. See Ledger Decl.

III. The Vessel Should be Released Upon the Posting of Adequate Security

Supplemental Rule E requires the release of a vessel on the giving of security

> at an amount sufficient to cover the amount of the plaintiff's claim fairly stated with accrued interest and costs; but the principal sum shall in no event exceed (i) twice the amount of the plaintiff's

---

[2] Maruwa Shokai recognizes as much by stating that the "Agreement" was never returned.

claim or (ii) the value of the property on due appraisement, whichever is smaller.

Supp. R. E(5)(a). Moreover, the "right to obtain the release of arrested property upon the posting of adequate security is absolute and not subject to the court's discretion." Gerard Constr. v. Motor Vessel Va., 480 F. Supp. 488, 491 (W.D. Pa. 1979).

Maruwa Shokai has provided absolutely no proof to the Court or to F/V YOKO MARU #35 that the alleged debt owed amounts to $138,581.06. Maruwa Shokai's own dubious exhibit attached to its Verified Complaint contradicts the allegations contained in the Verified Complaint, and shows that the alleged debt only amounts to a total of $78,188.38, and even at that, not to the Plaintiff in this action. On this basis, Maruwa Shokai has misinformed the Court and presented conflicting claims to the Court pertaining to the amount of the debt. In turn, and in relying upon the conflicting information verified by Maruwa Shokai in its Verified Complaint, the Court issued the Order seizing the vessel. This wrong must now be righted.

If the alleged debt only amounts to $78,188.38, Maruwa Shokai has wrongfully failed to cooperate and stipulate to a bond in the amount of $100,000, which would have generously covered the alleged (yet dubious) $78,188.38 debt plus custodial fees. In that case, Maruwa Shokai has caused unnecessary custodial costs to accrue.[3]

Plaintiff holds the burden of proof at the hearing of demonstrating the amount of the alleged debt. Supp. R. E(5); Supp. R. E(5) advisory committee note. Should Maruwa Shokai as it has so far fail to provide any credible proof of the debt, the vessel should be released immediately with no bond required and Maruwa Shokai should be held responsible for all custodial costs incurred. Also, any determination of an amount of security should depend on the

---

[3] Should the Court find that the amount of the alleged debt is considerably less than the $138,581.06 pled, or that it would have been satisfied by the posting of a bond of $100,000, Defendant respectfully requests that Plaintiff be charged with the custodial costs, as well as costs incurred in connection with applying for and conducting the August 6, 2004 hearing, as well as any other sanctions that the Court deems appropriate.

sums actually owed, as demonstrated with verifiable proof provided by Maruwa Shokai. Lastly, if a bond is needed at all, upon the posting of a bond, the Court should release the vessel.

IV. <u>Maruwa Shokai Should Post Counter-Security to Protect from Improper Seizure</u>

> When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court for cause shown, directs otherwise.

Supp. R. E(7)(a). In <u>MMI Intern. V. M/V Skyros</u>, 1990 WL 304062 (N.D. Cal. 1990), the Court awarded countersecurity to secure a counterclaim for wrongful arrest. <u>Id</u>. at *5. Because Supplemental Rule E(7) intends to "make the parties equal as regards security," and because the posting of countersecurity would not inhibit the plaintiff's prosecution and would not have a deterrent effect on maritime liens, the Court believed it was reasonable to require from the plaintiff/counter-defendant what was required from the defendant/counter-plaintiff. <u>Id</u>.

In this case, F/V YOKO MARU #35 has asserted a credible counterclaim for wrongful arrest and, since the arrest, has accumulated economic and out-of-pocket damages in an amount to be demonstrated at the August 6 hearing or by verified submittal soon after. This amount includes, but is not limited to, lost revenue resulting from the wrongful arrest. Posting countersecurity will assure to the Court that Maruwa Shokai can satisfy the counterclaim, in the same way that F/V YOKO MARU #35, by posting a bond for the release of the vessel, will show the Court that it has adequate funds to satisfy a judgment on Maruwa Shokai's claims. Requiring countersecurity is especially significant in light of the nature of the dubious and nonexistent evidence provided to the Court to sustain Maruwa Shokai's claims. Therefore Maruwa Shokai should be required to post countersecurity in an amount to be demonstrated at the hearing or by order of the Court.

## V. Conclusion

On July 7, 2004, Maruwa Shokai requested that the Court arrest the F/V YOKO MARU #35 based on unsupported claims and nonexistent evidence. For over three weeks, the vessel has remained arrested, while Maruwa Shokai continues to dodge requests for proof and requests for cooperation to release the vessel with the posting of adequate security.

F/V YOKO MARU #35 respectfully requests that the Court scrutinize Maruwa Shokai's proof at the August 6, 2004 hearing, assess the amount, if any, of an adequate bond, release the vessel, impose countersecurity on Maruwa Shokai, and award any further appropriate relief.

DATED: Hagåtña, Guam, August 3, 2004.

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
J. PATRICK MASON
Attorneys for Defendant
F/V YOKO MARU #35

## DECLARATION OF DAVID LEDGER

I, David Ledger, declare:

1. I am an attorney at law licensed to practice before the Territory of Guam and before this Court. I am a partner with the law firm of Carlsmith Ball LLP, attorneys of record for Defendant F/V YOKO MARU #35.

2. If called as a witness, I would and could competently testify thereto to all facts within my personal knowledge except where stated upon information and belief.

3. On or about July 26, 2004, I contacted Mr. Van de Veld requesting proof on the amount of the alleged debt owed by Defendant.

4. Mr. Van de Veld responded that he would submit such proof upon my being retained by Defendant.

5. Although I was formally retained by Defendant and filed an Answer on Defendant's behalf on July 28, 2004, notwithstanding three requests, I have not received any proof of Plaintiff's debt.

6. Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the above statements are true.

Executed this 3rd day of August 2004, at Hagåtña, Guam.

_____
DAVID LEDGER

## DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on the 3rd day of August 2004, I will cause to be served a copy of DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS APPLICATION FOR RELEASE OF VESSEL AND FOR COUNTER-SECURITY; DECLARATION OF DAVID LEDGER; DECLARATION OF SERVICE upon:

>Curtis C. Van de Veld, Esq.
>Van de Veld, Shimizu, Canto & Fisher
>Attorneys at Law
>Suite 101, Dela Corte Building
>167 East Marine Corps Drive
>Hagåtña, Guam 96910
>Attorneys for Plaintiff

and

>Joyce C.H. Tang
>Civille & Tang, PLLC
>330 Hernan Cortez Avenue, Suite 200
>Hagåtña, Guam 96910
>Attorneys for Plaintiff in intervention Shell Guam, Inc.

Executed this 3rd day of August 2004 at Hagåtña, Guam.

_____
DAVID LEDGER